UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE BARON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 720 CDP |
| | ) | |
| ANGELA MESMER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner is an inmate at the Women's Eastern, Reception, Diagnostic and Correctional Center in Vandalia, Missouri. In 2013, petitioner pleaded guilty to second-degree murder, first-degree attempted robbery, and two counts of armed criminal action. Petitioner was sentenced to fifteen years' imprisonment on all counts, to be served concurrently. Petitioner did not file a direct appeal. Petitioner later filed a *pro se* post-conviction motion to vacate, set aside, or correct her judgment and sentence under Missouri's Criminal Rule 24.035. Counsel was appointed to represent her, and petitioner filed an amended Rule 24.035 motion alleging that her plea was not knowing and voluntary because plea counsel was ineffective for forcing her to plead guilty. Petitioner argued that her attorney said she had to plead guilty because her family had not paid enough money to go to trial. After an evidentiary hearing, the trial court denied the motion and held that petitioner's guilty plea was knowing and voluntary and she did not receive

ineffective assistance of counsel.

Petitioner appealed the denial of her Rule 24.035 motion. The Missouri Court of Appeals affirmed the denial of post-conviction relief in an unpublished opinion dated March 15, 2016, finding that the motion court did not clearly err in finding petitioner's testimony not credible and concluding that her plea was knowing and voluntary and not coerced by counsel. [11-5].

In her petition for writ of habeas corpus under 28 U.S.C. § 2254, petitioner raises the following three grounds for relief:

> 1) her convictions for robbery and armed criminal action violate the Double Jeopardy Clause of the Fifth Amendment;
>
> 2) her convictions for two counts of armed criminal action violate Missouri's statutory limitations on convictions for multiple offenses; and
>
> 3) she received ineffective assistance of trial counsel because her attorney told her to plead guilty after her family could no longer afford to pay his legal fees.

Petitioner is not entitled to relief on any grounds raised in her § 2254 petition for the reasons set out below.

## Standard of Review

Under the Antiterrorism and Effective Death Penalty Act, federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a); *see also Williams–Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990).

"'Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules.'" *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988)). If the petitioner failed to properly present the claim in state court, and no adequate non-futile remedy is currently available by which she may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 10–11 (2012).

Where the state court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §

3

2254(d)(2); *see Williams v. Taylor*, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. *Id.* at 380–83.

"A state court's decision is 'contrary to' clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts." *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001) (citing *Williams,* 529 U.S. at 412–13). "A federal court may grant relief under the 'unreasonable application' clause if the state court correctly identified the governing legal principle, but unreasonably applied it to the facts of the particular case." *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). "A state court's application of clearly established federal law must be objectively unreasonable, and not merely incorrect, to warrant the granting of a writ of habeas corpus." *Jackson*, 651 F.3d at 925 (citing *Bell*, 535 U.S. at 694).

Finally, when reviewing whether a state court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the state court proceedings, state court findings of basic, primary, or historical facts are

4

presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). "[E]ven erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'" *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA to exercise only limited and deferential review of underlying State court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged state court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)). This standard is difficult to meet. *Metrish*, 569 U.S. at 357-58.

**Discussion**

Ground 1 and 2 of petitioner's habeas petition will be summarily denied as they were not raised on appeal, and petitioner has made no attempt to avoid the resulting procedural default of these claims. Accordingly, Grounds 1 and 2 of petitioner's habeas petition are denied.

In Ground 3, petitioner argues that she received ineffective assistance of

presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). "[E]ven erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'" *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA to exercise only limited and deferential review of underlying State court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged state court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)). This standard is difficult to meet. *Metrish*, 569 U.S. at 357-58.

**Discussion**

Ground 1 and 2 of petitioner's habeas petition will be summarily denied as they were not raised on appeal, and petitioner has made no attempt to avoid the resulting procedural default of these claims. Accordingly, Grounds 1 and 2 of petitioner's habeas petition are denied.

In Ground 3, petitioner argues that she received ineffective assistance of

counsel because her attorney told her she had to plead guilty after her family could no longer afford to pay counsel's legal fees. Petitioner raised this claim in her Rule 24.035 motion and on appeal of its denial to the Missouri Court of Appeals, which rejected it as follows:

> On appeal, Movant claims the motion court clearly erred in denying her Rule 24.035 motion after an evidentiary hearing, because [counsel] was ineffective for inducing Movant to plead guilty by telling her she had not paid enough money for [counsel] to try the case. Movant further claimed that if she had known failing to fully pay [counsel] was not a bar to trying her case, she would not have pleaded guilty but would have proceeded to trial. Movant's claim is without merit.
>
> Our review of the denial of Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); Weeks v. State, 140 S.W.3d 39, 44 (Mo. banc. 2004). This court will find error only if, after review of the entire record, we have a definite and firm belief that a mistake has been made. Weeks, 140 S.W.3d at 44. On review, the motion court's findings and conclusions are presumptively correct. Wilson v. State, 813 S.W.2d 833, 835 (Mo. banc 1991).
>
> After a guilty plea, our review is limited to a determination as to whether the underlying plea was knowing and voluntary, and counsel's ineffectiveness is only relevant to the extent it affects the voluntariness of the movant's plea. Wilkins v. State, 802 S.W.2d 491, 497 (Mo. banc 1991); Loudermilk v. State, 973 S.W.2d 551, 553 (Mo. App. E.D. 1998). The movant bears the burden of proving her post-conviction claims by a preponderance of the evidence, and to prove ineffective assistance of counsel, the movant must show both that counsel's representation fell below an objective standard of reasonableness and that the movant was prejudiced as a result. Ervin v. State, 423 S.W.3d 789, 793 (Mo. App. E.D. 2013). To show prejudice after a guilty plea, the movant must show that but for her counsel's alleged unreasonable conduct, there is a reasonable probability she would not have pleaded guilty but would have insisted on going to trial. Id.

> Here, contrary to movant's claims, [counsel] testified she "absolutely" did not tell Movant that Movant would have to either pay more money or plead guilty, and she "absolutely" did not refuse to investigate a witness until she had received money under the retainer agreement. The motion court found Movant's testimony not credible and accepted [counsel's] testimony as true. "The motion court is free to believe or disbelieve any evidence, whether contradicted or undisputed, including a movant's testimony." Simmons v. State, 429 S.W.3d 464, 466 (Mo. App. E.D. 2014). Deferring, as we must, to the motion court's findings of credibility, we see no error in the motion court's findings and conclusions. See Wilson, 813 S.W.2d at 835; Simmons, 429 S.W.3d at 466.
>
> Moreover, Movant's claim that [counsel] coerced her is explicitly refuted by Movant's own statement at the plea hearing that [counsel] had not "communicated any threats or promises to [Movant] to get [her] to plead guilty." See Eberspacher v. State, 915 S.W.2d 384, 386-87 (Mo. App. E.D. 1996) (movant's own testimony at plea hearing can be used to "conclusively refute" his claim on appeal.) Thus, the motion court did not clearly err in denying Movant's request for post-conviction relief after an evidentiary hearing. Rule 24.035(h); Weeks, 140 S.W.3d at 44.

[Doc. # 11-5]. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, petitioner must prove two elements of her claim. First, she "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of

7

hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, petitioner "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires her to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if petitioner makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

Under these standards, the state court's determination that petitioner did not receive ineffective assistance of counsel is entitled to deference as the decision was not contrary to, or an unreasonable application of, clearly established federal law, and it was not based on an unreasonable determination of the facts in light of the evidence presented at the Rule 24.035 hearing. *See* 28 U.S.C. § 2254(d)(1) and (2); *Williams*, 529 U.S. at 379. As such, Ground 3 of petitioner's habeas petition is denied.

Petitioner's request for evidentiary hearing will be denied. Generally, an evidentiary hearing is within a habeas court's discretion, as limited by statutory restrictions set forth in the AEDPA. *See Schriro v. Landrigan*, 550 U.S. 465, 473–75 (2007); 28 U.S.C. § 2254(e)(2). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an

applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474. In addition, a federal habeas court must take into account "the deferential standards" under the AEDPA that "control whether to grant habeas relief." *Id.* A habeas court need not hold an evidentiary hearing "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Id.* (internal quotation marks and citation omitted). As petitioner's claims are conclusively refuted by the record, the Court denies petitioner's request for an evidentiary hearing. *See Crawford v. Norris*, 363 Fed. Appx. 428, at *2 (8th Cir. 2010) ("If the factual allegations a petitioner seeks to prove would not entitled him to relief under the relevant standard, then an evidentiary hearing is not required.").

As petitioner has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus under 28 U.S.C. § 225455 [1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as petitioner has not made a substantial showing of the denial of a federal constitutional right.

                                                       */s/ Catherine D. Perry*
                                                       CATHERINE D. PERRY
                                                       UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2018.